IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE COMPANY d/b/a JEFFERSON PILOT FINANCIAL, JEFFERSON PILOT FINANCIAL INSURANCE COMPANY d/b/a JEFFERSON PILOT FINANCIAL, BOB and DALE MARTIN, and MICHAEL and PAM CATALDO, | ) ) ) ) ) ) ) | |
| | ) | 1:07CV0096 |
| Plaintiffs, | ) ) ) | |
| DAVID GRIFFIN, | ) ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Beaty, Chief Judge.

Currently pending before this Court is a Motion to Dismiss, Stay, or Transfer Venue [Document #9] by Defendant, David Griffin ("Griffin"). Plaintiffs, Jefferson Pilot Life Insurance Co. d/b/a Jefferson Pilot Financial, Jefferson Pilot Financial Insurance Co. d/b/a Jefferson Pilot Financial (together "JPC") and Bob and Dale Martin, and Michael and Pam Cataldo, employees of JPC and their spouses, filed a Complaint for Declaratory Judgment in the United States District Court for the Middle District of North Carolina on the basis of diversity jurisdiction seeking a declaration pursuant to 28 U.S.C. § 2201(a) that an arbitration provision between them and Defendant Griffin is valid and enforceable. Plaintiffs' Complaint filed with this Court initiated the second of two suits between Plaintiffs and Griffin currently pending in one Federal Court or another. The first suit, Griffin v. Lincoln National Corp., CV06-2886-PHX-MHM, is currently pending in the United States District Court for the District of Arizona and involves the same issues that are the subject of the Plaintiffs' Complaint and Griffin's

motion currently pending before this Court.[1] The United States District Court for the District of Arizona entered a Stay in the matter of <u>Griffin v. Lincoln National Corp.</u> pending this Court's disposition of Griffin's Motion to Dismiss, Stay or Transfer Venue filed in response to Plaintiffs' Complaint for Declaratory Judgment. For the reasons discussed herein, Griffin's Motion to Dismiss, Stay or Transfer Venue will be DENIED, and this matter will be submitted to arbitration.

I. FACTUAL BACKGROUND & PROCEDURAL POSTURE

This case arises out of Griffin's employment with JPC. In October 2006, Griffin filed an action against JPC and two of its employees and their spouses in the Superior Court of Maricopa County, Arizona asserting claims of (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligent misrepresentation; (4) specific performance; and (5) intentional interference with a contract, prospective contractual relations, and prospective business expectancies (hereinafter "the Arizona Action"). According to the Complaint filed in the Arizona Action, Griffin alleges that he entered into a verbal agreement with the Home Service Department of JPC on or about September 29, 2005, that guaranteed him employment with JPC for three years (the "Agent Employment Agreement"). Griffin's signature appears on the written Agent Employment Agreement dated September 29, 2005. Griffin further alleges that he thereafter accepted JPC's written offer for a District Agency Manager position in Phoenix, Arizona, by virtue of his signature on an agreement dated October

---

[1] It is alleged that in or about April 2006, JPC and Lincoln National Corporation d/b/a Lincoln Financial Group ("LFG") merged their corporate entities. For the purposes of this Opinion, the Court will refer to the two entities as "JPC."

2, 2005 (the "District Manager Agreement"). Griffin alleges that he began employment under the terms of the separate District Manager Agreement in October 2005, and that his claims against JPC are based solely on the terms of the District Manager Agreement. Griffin further alleges that pursuant to the terms of the District Manager Agreement, in November of 2005, he arrived for training in Greensboro, North Carolina. However, at that training session Bob Martin and Michael Cataldo allegedly removed him from the session and advised him that he was "blocked" from further employment with JPC. Griffin alleges that he was ultimately wrongfully terminated from his position as District Manager. Griffin further contends that upon being discharged, he was told that JPC would otherwise honor the District Manager Agreement. Griffin claims damages in excess of the compensation package of $708,804.00 based on his alleged wrongful termination.

In November 2006, JPC and its employees removed the Arizona Action to the United States District Court for the District of Arizona on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. On December 7, 2006, the Defendants in the Arizona Action (same parties as Plaintiffs here) answered Griffin's Complaint. In addition and on that same day Bob and Dale Martin and Michael and Pam Cataldo (together the "Individual Defendants") filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. On February 6, 2007, JPC filed a motion in the Arizona district court seeking to: (1) dismiss or stay the Arizona Action because of the existence of an arbitration clause in a subsequent agreement between JPC and Griffin; (2) to declare moot the Individual Defendants' motion to dismiss for lack of personal jurisdiction and Griffin's motion to strike;

3

and (3) for leave to withdraw the Individual Defendants' motion to dismiss for lack of personal jurisdiction and to instead allow the Individual Defendants to file a separate Answer raising lack of personal jurisdiction as a defense. In its Motion to Dismiss in the Arizona Action, JPC argues that JPC and Griffin entered into a third employment contract (the "Agent Contract") on November 1, 2005, which includes a provision mandating arbitration in North Carolina of any dispute between the parties. Specifically, the Agent Contract arbitration clause provides in relevant part:

> All claims or controversies arising out of or relating to this contract shall be settled by arbitration. This paragraph provides the exclusive remedy for any dispute that may arise between you and us [JPC] (but does not necessarily apply to any third party litigation that may involve you and/or us) which the parties are not able to resolve in good faith. In the event of any unresolved dispute relating to this contract, including but not limited to a dispute about the interpretation of this contract or about your claim to compensation, either party may demand arbitration . . . . The arbitrators shall have the authority to determine all disputes, including the applicability of arbitration to the dispute. . . . Any arbitration arising between the parties with respect to this contract shall be conducted in Greensboro, NC or in Concord, NH.

JPC maintains that the Agent Contract, which also includes a merger clause, superceded any of the two previous employment agreement(s) between JPC and Griffin, and thus, is the controlling contract in this litigation. Griffin opposed the Individual Defendants' request to withdraw their motion to dismiss for lack of personal jurisdiction and JPC's request to dismiss or stay the Arizona Action, arguing that he did not bring suit pursuant to the November 1, 2005 Agent Contract and thus, its arbitration provision is irrelevant to the present litigation.

In addition to requesting a dismissal or stay of the proceedings pending in the Arizona Action due to an alleged binding arbitration clause, on February 5, 2007, JPC and its employees

4

and their spouses filed a separate Declaratory Action [Document #1] in the United States District Court for the Middle District of North Carolina (the "North Carolina Action"). This action was filed in this Court before the Arizona Court had the opportunity to rule on the motions pending before its Court. Plaintiffs, (Defendants in the Arizona Action) seek a declaratory judgment from this Court declaring the arbitration clause (the same arbitration clause at issue in the Arizona Action) to be valid and enforceable. Further, Plaintiffs seek an order from this Court declaring that all matters between JPC, its employees and their spouses related in the Arizona Action and the North Carolina Action be resolved by binding arbitration in North Carolina. In response to Plaintiffs' action for an order compelling arbitration, on March 26, 2007, Defendant Griffin (Plaintiff in the Arizona Action) filed with this Court a Motion to Dismiss, Stay or Transfer Venue [Document #9]. In his Motion to Dismiss, Stay or Transfer Venue, Griffin argues that the requested relief he seeks from this Court is appropriate because of the following reasons: (1) an action between the same parties involving the same or similar issues is pending before another federal court (i.e. the Arizona Action); (2) Plaintiffs in the declaratory judgment action filed in this Court are simultaneously seeking the same determination and relief in the Arizona Action; and (3) Plaintiffs' action for declaratory judgment should have been filed as a compulsory counterclaim in the Arizona Action. Griffin's Motion to Dismiss, Stay or Transfer Venue is currently pending before this Court and is ripe for disposition.

However, on September 17, 2007, before this Court had an opportunity to consider Plaintiffs' declaratory action and Griffin's Motion to Dismiss, the Arizona district court entered

an Order temporarily staying proceedings in the Arizona Action pending the result of this Court's determination of Griffin's Motion to Dismiss. See, Griffin v. Lincoln Nat. Corp., No. 06-2886, 2007 WL 2713237 (D. Az. September 17, 2007). The Arizona court determined that the issues in the Arizona Action and the North Carolina Action were identical and reasoned that this litigation raised issues of comity and presented a risk of inconsistent rulings or unnecessary drain on judicial resources. Id. at 4. Consequently, the Arizona court granted in part JPC's Motion to Dismiss or Stay the proceedings in the Arizona Action, pending the outcome of Griffin's Motion to Dismiss and Plaintiffs' Complaint for Declaratory Judgment before this Court. Id. at 5. In light of the Arizona court's decision to stay the Arizona Action, this Court will now consider the substance of Griffin's motion and JPC and its employee's Complaint for Declaratory Judgment.

II. DISCUSSION & ANALYSIS

    A. Griffin's Motion to Dismiss and the First-Filed Rule

Griffin first contends that this Court should grant his Motion to Dismiss, Stay or Transfer Venue to the United States District Court for the District of Arizona because venue in this Court is improper. Griffin argues that the "first-filed" rule requires this Court to give his choice of forum in the District of Arizona priority over JPC and its employee's choice of forum in this Court. The Fourth Circuit Court of Appeals has recognized the first-filed rule. Ellicott Machine Corp. v. Modern Welding Co., 502 F.2d 178, 180 n.2 (4th Cir. 1974); SAS Institute, Inc. v. Practicingsmarter, Inc., 353 F. Supp. 2d 614, 617 (M.D.N.C. 2005). The first-filed rule is a principal of judicial administration which provides that "the first suit should have priority,

6

'absent the showing of balance of convenience in favor of the second action.'" Ellicott Machine Corp., 502 F.2d at 180 n.2. The rule is generally applied in cases where two federal courts have coordinate jurisdiction over actions involving the same issue(s), in order to determine the proper venue in which to litigate the dispute. Nat'l Textiles, LLC v. Daughtery, 250 F. Supp. 2d 575, 580 n.1 (M.D.N.C. 2003). However, "the first-filed rule is not to be applied mechanically." PBM Products, Inc. v. Mead Johnson & Co., No. 3:01CV199, 2001 WL 841047, at *2 (E.D.Va. April 4, 2001). "District Courts have always had the discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." Id.; see also SAS Institute, Inc., 353 F. Supp. 2d at 617 ("Courts may disregard the first-filed rule and give priority to the second suit filed when there has been a showing that a balance of convenience sways in favor of the suit"); CACI Intern, Inc. v. Pentagen Technologies, Ltd., Nos. 94-2058, 94-2220, 1995 WL 679952 (4th Cir. Nov. 16, 1995) (stating that "this Circuit has no unyielding first-to-file rule) (citing Carbide & Carbon Chemicals Corp. v. U.S. Industrial Chemicals, 104 F.2d 47, 49 (4th Cir. 1944) ("the pendency of a prior suit involving the same issues does not require the dismissal of a suit for declaratory judgment.") and Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 21, 103 S. Ct. 927, 940, 74 L. Ed. 2d 765 (1983) ("priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.")); but see Learning Network, Inc. v. Discovery Comm. Inc., No. 01-1202, 2001 WL 627618 (4th Cir. June 7, 2001) (stating in dicta that the court has not explicitly specified the "special circumstances may warrant an exception to the first-filed rule").

While neither party has argued that the balance of convenience favors either party in their respective briefs, the Court notes that balance of convenience in this matter does not favor either action for the following reasons. Griffin is a resident of Arizona. JPC as it existed during the months relevant to Griffin's claims was a corporation organized under the law of the state of North Carolina with its principal place of business also in North Carolina. As previously noted, JPC as a result of a merger became a corporate subsidiary of Lincoln National Corporation, which is organized under the laws of Indiana and has its principal place of business in the State of Pennsylvania. The individual Plaintiffs (Individual Defendants in the Arizona Action) here are also residents of North Carolina. Thus, considering the divergent locations of the various parties, it cannot be said at this stage in the litigation that either forum is more convenient for one party over the other.

Nevertheless, the circumstances of the case at bar persuade the Court that departure from the first-filed rule in this instance is appropriate. In this case, an action involving JPC, its employees, and Griffin was first filed in the District of Arizona. The declaratory action subsequently filed in this Court involves the same parties and the same or similar issues. Specifically, this Court by way of JPC and its employee's action for declaratory judgment, and the Arizona court by way of JPC's Motion to Dismiss, have both been asked to determine whether the arbitration provision in the November 1, 2005 Agent Contract is valid, whether the provision applies to the underlying dispute between Griffin and JPC, and whether the Agent Contract requires arbitration of Griffin's claims against JPC and its employees and their spouses. In reaching the conclusion that departure from the first-filed rule is appropriate in this instance,

the Court first notes that the Arizona court in its discretion declined to exercise its jurisdiction over the questions surrounding the arbitration provision and deferred resolution of the issues presented until this Court had the opportunity to entertain whether or not it would exercise jurisdiction over the case. See, Griffin, 2007 WL 2713237, at *4-5 (stating that "the comity doctrine vests a district court with discretion to decline jurisdiction over a case in order to avoid parallel litigation in a coordinate court."). In light of the Arizona court's deference, this Court cannot agree that entering a stay or transferring the case back to the Arizona court would serve the purposes of judicial economy and effective disposition of disputes underlying the first-filed rule.

The Court further notes that questions have been raised by the parties' briefs as to which court has jurisdiction to grant the relief the Plaintiffs have requested. Specifically, Griffin argues that this Court should defer to the Arizona court under the first-filed rule to determine the significance of the arbitration provision, despite the fact that pursuant to the Agent Contract the arbitration, if ordered, is to be held in either Greensboro, North Carolina, or Concord, New Hampshire. This becomes relevant to the extent that Section 4 of the Federal Arbitration Act ("FAA") which establishes the proper venue for an action to compel arbitration, states that a hearing and proceeding for an order directing arbitration to proceed in a manner provided for in an agreement, "shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4 (2006). Therefore, in accordance with Section 4, an action seeking to compel arbitration in Greensboro, North Carolina, would appropriately be filed in the Middle District of North Carolina. In ruling on such a motion, the Fourth Circuit, following

9

the majority rule in interpreting Section 4 of the FAA has stated that, "the district court must . . . apply a forum selection clause contained in the agreement if such a clause exists . . . . [and] if a court orders arbitration, the arbitration must be held in the same district as the court." Elox Corp. v. Colt Industries, Inc., No. 90-2456, 1991 WL 263127 (4th Cir. Jan. 7, 1992). Considering the venue provision of the FAA and this Circuit's binding precedent, this Court concludes that there is no question as to its jurisdiction to decide the question of whether the November 2005 Agency Contract requires arbitration of Griffin's claims. Furthermore, should this Court determine that the Agent Contract's arbitration clause is valid and applicable in this instance, and subsequently send the matter to arbitration, this Court must enforce the forum selection clause in the Agent Contract and submit the matter to arbitration in Greensboro, North Carolina.

However, the Court notes that while the district of Arizona may have coordinate jurisdiction to consider the questions presented here, there is some doubt as to whether the Arizona court could grant the relief that Plaintiffs request, even assuming that that court could find their arguments on the merits persuasive with respect to whether arbitration is in this instance required. For example, the Ninth Circuit previously held that district courts are statutorily proscribed by Section 4 from ordering arbitration outside their districts in order to comport with a forum selection clause providing for arbitration in another district. Continental Grain Co. v. Dant & Russell, 118 F.2d 967 (9th Cir. 1941). However, more recently, the Ninth Circuit in Textile Unlimited, Inc. v. A. BMH and Co. Inc., 240 F.3d 781 (9th Cir. 2001), held that "the FAA's venue provisions are discretionary, not mandatory," and that actions to enjoin or compel arbitration do not have to be brought in the district where the contract designated the

10

arbitration to occur.  Id.  Notwithstanding the Ninth Circuit's holding in Textile Unlimited, in 2006, the District of Arizona in Filimex, L.L.C. v. Novoa Invs., L.L.C., No. CV 05-3796, 2006 WL 2091661 (D. Az. July 17, 2006), ordered an arbitration to take place in Arizona, where the action was filed, despite a contractual agreement providing that arbitration would take place in California.  Filimex, 2006 WL at *6 (stating that "absent new guidance from the Ninth Circuit, the court is precluded from ordering arbitration in the contractually-designated forum . . .").  Thus, there may be some doubt as to whether the District of Arizona has the authority under Section 4 of the FAA to compel arbitration in North Carolina in accordance with the arbitration provision in question.  Consequently, transferring this case to the District of Arizona could in effect deny JPC and its employees relief as well as the contractual remedy for arbitration in North Carolina that they bargained for.  This Court does not purport to interpret the current state of the law in the Ninth Circuit.  Whether the Arizona court has jurisdiction over this dispute and whether it has the authority to effect the remedy requested would be for that court to decide where appropriate.  This Court merely highlights the current decisions of courts in the Ninth Circuit to illustrate that while the authority to decide issues regarding arbitration is certain in North Carolina, the same may not be true in the Arizona court.  This observation provides further justification for the Court's departure from the first-filed rule.  Accordingly, Griffin's Motion to Dismiss, Stay or Transfer is DENIED.[2]

---

[2] Similarly, the Court finds no merit in Griffin's alternative argument that Plaintiffs should have filed the action for declaratory judgment in the Arizona Action as a compulsory counterclaim. To the contrary, the Court's discussion above recognizes that while the Plaintiffs may cite their action in this Court as grounds for their Motion to Dismiss the Arizona Action, it is unclear whether Plaintiffs could have asserted a claim in the Arizona court seeking to compel arbitration in North Carolina under the venue provisions of Section 4 of the FAA.

B. Plaintiffs' Request to Submit This Matter to Arbitration

Having denied Griffin's Motion to Dismiss, Stay or Transfer this action, the Court will now proceed with the merits of JPC and its employee's declaratory suit. "The discretion to grant or refuse declaratory relief 'is a judicial discretion, and must find its basis in good reason." Carbide & Carbon Chem. Corp. v. United States Indus. Chem., 140 F.2d 47, 49 (4th Cir. 1944) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937). Further, "pendency of a prior suit involving the same issues does not require the dismissal of a suit for declaratory judgment." Id. While the Court's decision to grant or deny declaratory relief is discretionary, the provisions of the FAA are not. Plaintiffs' Complaint for Declaratory Judgment asks this Court to declare an arbitration provision valid and enforceable, and that all controversies between JPC, its employees, and Griffin, including the applicability of the arbitration provision itself, should be resolved through arbitration. Thus, this action for declaratory judgment essentially asks this Court to compel the parties to proceed to arbitration.

Under the provisions of the FAA, courts must compel arbitration when a valid arbitration agreement exists. Hightower v. GMRI, Inc., 272 F.3d 239, 241 (4th Cir. 2001) (citing Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985)). In order for this Court to compel arbitration, it must find that (1) a valid arbitration agreement exists between the parties; and (2) the dispute at issue falls within the scope of the agreement. Id. There is no dispute here concerning the validity of the arbitration provision under North

---

Further, even to the extent that the Plaintiffs might have been able to assert a claim in the Arizona court seeking to compel arbitration in North Carolina, there is no indication that they would be *required* to do so.

Carolina law in the November 2005 Agent Contract.[3] Rather, the parties' point of contention is whether the arbitration provision in the Agent Contract applies to this controversy at all. In deciding whether this dispute falls within the scope of the arbitration agreement, "as a matter of law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co., 460 U.S. at 24-25, 103 S. Ct. at 941.

Griffin argues that because he has not brought any claims pursuant to the November 1, 2005 Agent Contract, the arbitration provision contained therein cannot apply to this dispute. Further, Griffin contends that his claims arise solely out of the second employment agreement he entered into with JPC, namely the District Manager Agreement, which did not contain an arbitration provision. In this regard, the Court notes that while Griffin's claims may arise out of events that took place prior to the execution of the Agent Contract on November 1, 2005, courts have held that parties may nevertheless be compelled to arbitrate pre-existing claims in "certain circumstances." Moye v. Duke University Health Sys. Inc., No. 1:06CV00337, 2007 WL 1652542, at *7 (M.D.N.C. June 5, 2007) (quoting Hendrick v. Brown & Root, Inc., 50 F. Supp. 2d 527, 536 (E.D.Va. 1999)). "The key factors in determining whether an arbitration agreement applies are the nature of the relationship between the parties and the language of the provision in question . . . . Arbitration is most appropriate for pre-existing claims when the parties have an ongoing contractual relationship and when the contract language does not specifically limit

---

[3] The Court notes that the Agent Contract specifies that the agreement shall be governed by the laws of the State of North Carolina.

arbitration to future claims." Id. (internal citations omitted). This case meets both criteria. It is clear that between September, 2005, when Griffin executed his first employment agreement and November, 2005, when he executed the Agent Contract, that he and JPC had an ongoing contractual relationship. Examining the arbitration clause itself, the Court notes that it does not limit arbitration to future claims. On the contrary, as Plaintiffs argue, the language of the Agent Contract specifically states that it supercedes all previous employment contracts, including the District Manager Agreement stating, "[t]his contract shall supercede any and all prior contract(s) between you and us [JPC]." More importantly, however, the November 1, 2005 Agent Contract's arbitration clause provides that "*[a]ll* claims or controversies arising out of or relating to this contract shall be settled by arbitration" (emphasis added). Thus, while Griffin's claims as filed may not have directly arisen out of the November 1, 2005 Agent Contract, the fact that the Agent Contract includes a merger clause which would supercede the District Manager Contract upon which Griffin brings his claims establishes that this is a "controversy," "relating to" the Agent Contract. Finally, the arbitration clause provides that "in the event of any unresolved dispute . . . about your claim to compensation, either party may demand arbitration." It is clear in this instance that Griffin's claims against JPC and its employees and their spouses are based upon their alleged failures to provide him the compensation he believes he is owed for his employment with JPC. Therefore, the Court finds that this arbitration provision encompasses Griffin's claims against JPC and its employees and their spouses, to the extent that those claims are related to his employment with JPC.[4] Consequently, Griffin's claims against

---

[4] The Court notes that JPC contends that the question of arbitrability of this dispute - that is whether this particular dispute is subject to arbitration - should be decided by the

14

Case 1:07-cv-00096-JAB-WWD   Document 15   Filed 06/16/08   Page 14 of 15

JPC, its employees and their spouses are subject to arbitration.

III. CONCLUSION

For the foregoing reasons, the Court finds that a stay or transfer of this matter to the District of Arizona would not serve the interests of justice and judicial economy. Further, and for the same reasons, the Court finds that Defendant Griffin's grounds for dismissal are without merit. Accordingly, Defendant Griffin's Motion to Dismiss, Stay or Transfer Venue will be DENIED. Finally, having determined that this matter is subject to arbitration in accordance with the provisions of the Federal Arbitration Act and the terms of the agreement between the parties entitled "Agent Contract" and dated November 1, 2005, Plaintiffs' petition for an Order directing all parties to proceed to arbitration will be GRANTED. An Order consistent with this Memorandum Opinion will be contemporaneously entered herewith.

This the 16th day of June, 2008.

_____
United States District Judge

---

arbitrator and not the Court. However, it is well settled that arbitrability is a matter for the Court to decide, unless there is "clear and unmistakable evidence" that the parties agreed to submit the question of arbitrability to the arbitrator. See Rock-Tenn Co. v. United Paperworkers Int'l Union, 184 F.3d 330 (4th Cir. 1999) (where the parties' conduct repeatedly demonstrated their intent to allow the arbitrator to decide whether the dispute was arbitrable). The Court is not satisfied that this is the case here, and in any event, finds that this dispute is clearly within the scope of the arbitration provision. Thus, all parties to this matter will proceed to arbitration for a decision on the merits.